JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1149 PA (AGRx) | Date | February 9, 2011 |
|---|---|---|---|
| Title | Deutsche Bank Nat'l Trust Co. v. Rosario Maria Soto, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

The Court is in receipt of a Notice of Removal filed by Defendant Rosario Maria Soto ("Defendant") on February 7, 2011. (Docket No. 1.) Plaintiff Deutsche Bank National Trust Company's ("Plaintiff's") Complaint, filed in Ventura County Superior Court, asserts a single cause of action under state law for unlawful detainer. Defendant, who is appearing pro se, asserts that this Court has subject matter jurisdiction on the basis of both diversity jurisdiction and federal question jurisdiction.

Federal courts are of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A "strong presumption" against removal jurisdiction exists. Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992). In seeking removal, the defendant bears the burden of proving that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint" rule. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987). Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Id. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). Thus, plaintiff is generally the "master of the claim." Caterpillar, 482 U.S. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. There is no federal question jurisdiction simply because there is a federal defense to the claim. Id. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. The only exception to this rule is where plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law. Sullivan v. First Affiliated Sec., Inc., 813 F. 2d 1368, 1372 (9th Cir. 1987).

**JS-6**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1149 PA (AGRx) | Date | February 9, 2011 |
|---|---|---|---|
| Title | Deutsche Bank Nat'l Trust Co. v. Rosario Maria Soto, et al. | | |

      Here, the Complaint contains a single cause of action for unlawful detainer; no federal claim is alleged. Defendant does not allege that the Complaint contains a federal claim in disguise, or that the unlawful detainer claim is preempted by federal law. Instead, Defendant seems to allege that federal question jurisdiction exists because she is bringing cross-claims and counterclaims for violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO") and violation of the Securities Exchange Act. However, neither an actual nor an anticipated federal counterclaim can form a basis for removal. Vaden v. Discover Bank, __ U.S. __, 129 S. Ct. 1262, 1272, 173 L. Ed. 2d 206 (2009). However, because the scope of an unlawful detainer proceeding is limited insofar as it is only a summary proceeding, cross-complaints and counterclaims are not allowed. Knowles v. Robinson, 60 Cal. 2d 620, 626-27, 36 Cal. Rptr. 33, 387 P.2d 833 (1963). Thus, because the Complaint does not assert any federal claims, and Defendant's cross-claims and counterclaims do not provide a basis for federal question jurisdiction, Defendant has failed to meet her burden of establishing federal question jurisdiction under 28 U.S.C. § 1331.

      Defendant has also failed to show that diversity jurisdiction exists over this action. Subject matter jurisdiction based on diversity of citizenship requires all plaintiffs to have different citizenship from all defendants and that the amount in controversy exceed $75,000. See 28 U.S.C. § 1332; Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373, 98 S. Ct. 2396, 2402, 57 L. Ed. 2d 274 (1978). To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990).

      In the Notice of Removal, Defendant does not properly allege Plaintiff's citizenship. Although Defendant alleges that Plaintiff is a citizen of New York because its main office is located in New York (Notice of Removal at ¶ 18), the citizenship of a corporation is determined by both the state where it is incorporated and the state where it has its principal place of business. As such, Defendant's allegations are insufficient insofar as they do not set forth Plaintiff's place of incorporation. Because Defendant has not properly alleged Plaintiff's citizenship, the Court cannot determine whether it has diversity jurisdiction.

      Moreover, although Defendant alleges that the amount in controversy exceeds $75,000 because the total amount of the mortgage note is $1,135,000 (Notice of Removal at ¶ 21), the caption of the Complaint clearly states that the "amount demanded does not exceed $10,000." In unlawful detainer actions, the title to the property is not involved -- only the right to possession. Evans v. Superior Court, 67 Cal. App. 3d 162, 170 (1977). As such, the amount in controversy is determined by the amount of damages sought in the Complaint, rather than the value of the subject real property. Id. Here, Plaintiff alleges in the prayer of the Complaint that it is only seeking possession of the premises and costs of suit.

**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1149 PA (AGRx) | Date | February 9, 2011 |
|---|---|---|---|
| Title | Deutsche Bank Nat'l Trust Co. v. Rosario Maria Soto, et al. | | |

Thus, given that the amount of the note is not in controversy, Defendant has failed to show that this action meets the minimum jurisdictional requirement.

      For the reasons discussed above, Defendant has not met her burden to establish this Court's jurisdiction. See Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005). Accordingly, this Court remands this action to Ventura County Superior Court, Case No. 56-2010-00374602-CL-UD-SIM, for lack of federal subject matter jurisdiction. See 28 U.S.C. § 1447(c).

      IT IS SO ORDERED.